FILED

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

98 DEC 21 AM 10: 02

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| BARBARA CAINE, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | CV 97-N-2757-NE |
| | ] | |
| NATIONAL HEALTHCARE | ] | |
| CORPORATION, | ] | ENTERED |
| | ] | |
| Defendant. | ] | DEC 21 1998 |

### Memorandum of Opinion

In this action, plaintiff Barbara Caine brings suit pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, alleging that defendant National Healthcare Corporation (hereinafter "NHC") asked her to resign from her position as Registered Nurse Supervisor (hereinafter "RN Supervisor") at National Healthcare's Moulton, Alabama, facility on the basis of her age. The matter is presently before the court on a motion for summary judgment filed by NHC on October 30, 1998. The motion has been fully briefed by the parties. Upon due consideration, defendant's motion for summary judgment will be granted in all respects.

The facts of this case for summary judgment purposes are as follows:[1] The plaintiff, Barbara Caine, was recruited by NHC to be an RN Supervisor in its Moulton facility in July of 1990. At the time, Caine was 55 or 56 years old. Her duties included various nursing

---

[1] In developing the statement of facts in this opinion, the court considered those facts claimed to be undisputed by the parties, the parties' respective responses to those claims, and the court's own examination of the evidentiary record. These are the "facts" for summary judgment purposes only. They may not be the actual facts. *Cox v. Administrator U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994), *cert. denied, USX Corp. v. Cox*, 114 S. Ct. 900 (1995).

19

responsibilities—including administering medicine, drawing blood, preparing intravenous lines, working with the families of patients, and ensuring that patients' charts were accurate and complete—as well as administrative and supervisory tasks. On her performance evaluations, Caine received scores of average once, above average three times, and below average twice, including her final evaluation score. Criticisms of her performance included failing to timely submit work assignments to her supervisor, failing to cover schedules and complete paperwork, missing mandatory meetings, clocking in late, and not calling in off-duty personnel to fill absences. These criticisms were also reflected in "Supervisory Adverse Action Notes" Caine received in the months prior to her final evaluation.

According to NHC protocol, employees in the plaintiff's position are required to immediately record the administration of any medicine pursuant to an order from a physician in the Medical Administration Record (hereinafter "MAR"). Between March 6, 1996, and March 9, 1996, Caine failed to properly record the administration of Tylenol to one patient, Laniseptic cream to another, and Valium and Lortab to a third patient.

Because of the plaintiff's recent performance and her recording errors, on March 9, 1996, the Director of Nursing asked Caine to resign her employment with NHC. Had she not resigned, she would have been terminated. Plaintiff chose to resign, and her shift was assigned to Kathryn Murray, a younger nurse who was fairly new to the facility. After Murray resigned approximately two months later, the shift was assigned to Dalton Sanderson, a 58-year-old nurse.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

2

the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249 (citations omitted); *accord Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of

inferences from the facts are the function of the jury, and therefore the evidence of the non-movants is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255.

In a case alleging disparate treatment on the basis of age, this court must follow the framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *Clark v. Coats & Clark, Inc.,* 990 F.2d 1217 (11th Cir. 1993). In the present case, the parties have conceded for the purposes of summary judgment that the other has met its burden under the first two steps of the *McDonnell Douglas* framework—that is, the plaintiff has established a prima facie case and the defendant has articulated a legitimate, nondiscriminatory reason for the adverse employment action. The only question, then, is whether the plaintiff has offered any evidence tending to demonstrate that the defendant's articulated reasons are merely pretext for discrimination. *See Clark,* 990 F.2d at 1223.

Even reviewing the evidence in a light most favorable to the plaintiff, she has utterly failed to raise a question of pretext. The defendant has proffered as a nondiscriminatory reason for firing the plaintiff her general performance, for which she received several warnings, and her failure to record the administration of medicines to three patients in as many days. The plaintiff attempts to demonstrate pretext by suggesting that other employees have not been terminated for the reasons articulated by NHC and that the administrator of the Moulton facility has a predisposition toward age discrimination. The plaintiff's efforts to show pretext are unavailing. First, whether other employees have been terminated because of supervisory problems, failure to properly clock in, evaluation scores similar to that received by plaintiff, or failure to follow NHC protocol regarding recording

4

the administration of medicine in the MAR is not relevant because Caine was terminated as a result of all of these infractions *in combination*. In addition, there is evidence that other, younger employees *have* been terminated for failing to follow NHC protocol regarding the MAR. *See Affidavit of Talina Mims* at 1. Second, plaintiff's claim that the administrator was biased against older employees because he once said, "I need to get rid of all the old hens and hire new people I can train myself," does not demonstrate pretext because the administrator made the statement prior to recruiting and hiring the plaintiff, never made any comments regarding the age of his employees subsequently, and, most importantly, was not involved in the decision to terminate the plaintiff. Finally, plaintiff admitted in deposition testimony that "I'm not saying, sir, that their reasons and motives [for asking for her resignation] had to do with my age necessarily. . . . They probably didn't know my age. So that wasn't their primary reasoning or motives. . . . In my opinion the age and money were not foremost in their thinking." *Depo. of Barbara Caine* at 71-73.

For the foregoing reasons, defendant's motion for summary judgment will be granted. A separate order, consistent with this opinion, will be entered.

Done, this 21st of December, 1998.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE